

*Jason I. Ser*
*Partner*
Tel (646) 539-3712
Fax (212) 655-3535
jis@msf-law.com

November 7, 2023

**VIA ECF**

Hon. Paul G. Gardephe
United States District Judge
Southern District of New York
40 Foley Square
Courtroom 705
New York, New York 10007

MEMO ENDORSED

The Application is granted.

SO ORDERED:

*/s/ Paul G. Gardephe*
Paul G. Gardephe, U.S.D.J.

Dated: Nov. 7, 2023

Re:   *United States v. Roman Israilov*, 22-cr-20 (PGG)

Dear Judge Gardephe:

We write on behalf of defendant Roman Israilov in the above-referenced matter to respectfully request the temporary modification of his conditions of pretrial release to permit him to travel to Miami, Florida on November 8, 2023, through November 12, 2023. For nearly two years and pre-dating the initiation of the instant case, Mr. Israilov's family has had a pre-paid, time-leased two-bedroom apartment in Miami, which they share financially with several other families. Mr. Israilov pre-paid his time-share fees at the start of the most recent lease term, which began in February 2023. As the Court is aware from previous applications, Mr. Israilov has traveled to Miami on consent of the government (as recently as October 24, 2023) and pretrial services. Through the instant request, Mr. Israilov seeks to take this trip to Miami with his wife before sentencing occurs in his case. In addition, with the lease due to expire in February 2024, Mr. Israilov also must begin to pack up and clear out his personal belongings from the apartment. While in Miami, he will be preparing for the end of the lease term and closing out his family's portion of the time-leased apartment.

We have discussed this request with Pretrial Services (Officer Gialanella) who does not object to the proposed modification. We also have conferred with the government (AUSA Andrews). The government opposes the instant application and informed defense counsel that it will not consent to Mr. Israilov's "luxury travel when the defendant owes so much restitution and forfeiture." The alleged dissipation of assets, however, is not a proper factor for consideration pursuant to the Bail Reform Act in deciding the instant request to temporarily modify conditions

of release. Instead, the Court must determine whether the modified condition of pre-trial release sought, i.e., allowing travel to Florida, creates an unreasonable risk that Mr. Israilov would not appear at sentencing, his next and last court appearance. It does not. Mr. Israilov's previous travel to Miami on consent of the parties has always occurred without incident and, consistent with the time parameters identified in the Court's orders, he has always returned to the New York City area as required. Mr. Israilov's Court-approved travel history during this case demonstrates that he is not a risk of flight whatsoever. Additionally, Mr. Israilov will be traveling with his family, Pretrial Services consents to the request, and the government does not argue that Mr. Israilov poses a risk of flight based upon travel to Miami.

Finally, notwithstanding that Mr. Israilov's co-defendants also owe restitution and forfeiture, the government has consented to similar travel requests. As an example, the government consented to Mr. Israilov's co-defendant, Alexander Gulkarov, traveling to Florida as recently as October 10, 2023 (ECF No. 317), which this Court approved (ECF No. 319). The government's disparate treatment of a co-defendant who made a similar motion to travel (just weeks ago) undermines its opposition to Mr. Israilov's travel request. Such disparate treatment should not be permitted.

For the reasons set forth above, the Court should approve Mr. Israilov's request for temporary modification of his conditions of pretrial release and allow him to travel to Miami, Florida, with his wife on November 8, 2023, through November 12, 2023.

Respectfully Submitted,

/s/ JIS
Henry E. Mazurek
Jason I. Ser
Meister Seelig & Fein LLP
125 Park Avenue, Suite 700
New York, New York 10017

*Counsel for Defendant Roman Israilov*

cc:   Counsel of Record (*via ECF*)